

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MICHAEL G. TATE, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:08-1619-HFF-JRM |
| | § | |
| TIM RILEY, | § | |
|     Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 19, 2009, but Petitioner failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any

explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Petitioner did file two motions to extend his time to respond and the Court granted those motions, in part, extending Petitioner's deadline to file objections until today, March 31, 2009.[1]

When he filed his second motion for an extension of time, Petitioner also filed a "motion to alter or amend under Rule 59(e) and an objection to properly charging the offense." In the body of this two-page document, Petitioner asks that his allegations be amended pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Because there has not yet been a final judgment in this case, the Court will construe Petitioner's "motion to alter or amend under Rule 59(e)" as a motion to amend his pleadings under Rule 15.

Federal Rule of Civil Procedure 15(b), cited by Petitioner, actually addresses amendments to the pleadings during or after trial. Because this case has not yet gone to trial, Petitioner's motion will be construed under Rule 15(a), which addresses amendments before trial. Because no responsive pleading has been filed in this case, Petitioner is entitled to one amendment as a matter of course under Rule 15(a)(1). *See Manning v. Greenville Memorial Hospital*, 470 F. Supp. 662, 671-72 (E.D. Va. 1979) (noting that motion for summary judgment is not responsive pleading); *see also Smith v. Blackledge*, 452 F.2d 1201, 1203 (4th Cir. 1971) (noting that motion to dismiss is not

---

[1] If Petitioner delivers his objections to the prison mail room today, those objections will be treated as timely, and the Court will consider those and issue an Amended Report and Recommendation. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (discussing prisoner mailbox rule and noting that "delivery to prison authorities should instead be the moment of filing.").

2

responsive pleading for purposes of Rule 15(a)). Thus, Petitioner need not even seek leave of the Court to amend his pleadings, and the Court will consider his amended pleadings at this time.

In his motion, Petitioner asserts a single claim for "Failure to properly charge the offense of 16-11-330(A)." Petitioner's entire argument is reproduced below as submitted:

> Failure to properly charge the offense of 16-11-330(A)–accessory before the fact of a felony, (Armed Robbery); and to actually indict for 16-1-40 is error; (Emphasis) - 16-11-330(A) violates substantive due process as to fair notice of a specific charge of one statute, which also violates the (6) Amendment right to be put on notice of the nature and cause to a specific charge; 16-11-330(A) charges robbery, and attempted robbery, which is 16-11-330(B)- and it also charges Armed Robbery, all in one statute, and 16-1-40 to be indicted by. It also violates the 8th Amendment, Cruel and unusual punishment, Equal protection and Double Jeopardy; and the (14th) Amendment due process and procedural Due Process.[2]

Although somewhat vague, Petitioner appears to be challenging the indictment, which, among other things, charged him with violating S.C. Code. Ann. § 16-1-40, accessory before the fact to armed robbery. Petitioner appears to argue that he should have been expressly charged under the armed robbery statute, S.C. Code Ann. § 16-11-330, rather than under the accessory statute, S.C. Code Ann. § 16-1-40.

To begin, the Court finds that Petitioner's new claim, along with the remaining grounds asserted in his habeas petition, is barred by the one-year statute of limitations for habeas petitions codified at 28 U.S.C. § 2244(d). As discussed in greater detail in the Report at pages four through seven, Petitioner's habeas petition is untimely.

---

[2] The document indicates that Petitioner's argument is continued on another page. The second page of the document is just a general introduction to a motion to amend, and is unrelated to Petitioner's Rule 15(a) motion. The Court has checked with the Clerk, however, and confirmed that these two pages were the only two pages included in the envelope with Petitioner's motion.

3

Additionally, after carefully reviewing Petitioner's state proceedings, it appears that this is the first time that Petitioner has raised this specific argument. In his state post-conviction relief proceeding, Petitioner challenged the subject matter jurisdiction of the state court as it related to his armed robbery accessory charge. (Resp't's Return Appx. at 50-51, 98.) However, he never specifically challenged the failure to charge him under S.C. Code Ann. § 16-11-330(a). Petitioner fails to allege both good cause and prejudice for not asserting this argument earlier. Thus, for the reasons thoroughly set forth in the Report, Petitioner is procedurally barred from raising this argument in his habeas petition. (Report 7-15.)

Alternatively, even assuming that Petitioner's claim is not barred by the statute of limitations or procedurally barred based on his failure to raise this claim in his state proceedings, Petitioner's new claim is without merit. His conclusory allegations that numerous constitutional provisions have been violated by the failure of the State to charge him under § 16-11-330, without more, fails to state a basis for habeas relief. Moreover, Petitioner's assertion that he was not on notice of the charges against him because of this alleged defect is expressly contradicted by the record. At his plea hearing, the trial judge thoroughly explained that Petitioner was charged as an accessory to armed robbery. The court went on,

> THE COURT:       Now accessory before the fact to armed robbery carries the same punishment or penalty as it would if you were a principal, if you actually went to the store and robbed it. Do you understand that?
> [PETITIONER]:   (Witness nods head affirmatively.)
> THE COURT:       You have to answer out loud.
> [PETITIONER]:   Yes, sir.

(Guilty Plea Tr. 19.) The trial judge next explained the possible punishment for the offense, which included a range of ten to thirty years. Then the court stated,

4

> THE COURT:   And as I told you yesterday, accessory before the fact of armed robbery is, for all practical purposes or consequences, are the same as the commission of the armed robbery itself. It's a most serious offense, it's a violent offense, and it's a non-parole offense. Now, do you understand what a most serious offense is?
> [PETITIONER]:   Yes, sir.

(Guilty Plea Tr. 20.) Based on his own sworn admissions, Petitioner's argument that his constitutional rights were violated because he was not on notice of the nature and charges against him is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.

As to Petitioner's pending motion to alter or amend, that amendment is allowed as a matter of course. Thus, the pending motion to amend is unnecessary and will be **DISMISSED**. However, the new claim asserted in the motion lacks merit. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

5

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.